IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

TRAVIS MCCULLOUGH,        *

    Plaintiff,                 *

       v.                     *           3:11-CV-849-TMH
                                                        (WO)
OPELIKA POLICE DEPARTMENT, *
*et al.*,
                                    *

    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Plaintiff complains that he was subjected to excessive force during an arrest and that the affidavit charging him with a crime was falsified in order to support issuance of a warrant against him for resisting arrest. Named as defendants are the Opelika Police Department, the City of Opelika, Detective Mike Rogers, and Officer Brian Hunley.

Upon review of the complaint, the court concludes that Plaintiff's complaint against the Opelika Police Department, the City of Opelika, and Officer Brian Hunley is due to be dismissed prior to service pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. The Opelika Police Department*

The Opelika Police Department is not a legal entity subject to suit or liability under § 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims for relief against this defendant are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

*B. The City of Opelika*

Although the Supreme Court has held that counties (and other local government entities) are "persons" within the scope of § 1983, and subject to liability, Plaintiff cannot rely upon the theory of *respondeat superior* to hold the City of Opelika liable. *See Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 692 (1978) (finding that § 1983 "cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor"); *Pembaur v. Cincinatti,* 475 U.S. 469, 479 (1986). "It is only when the 'execution of the government'' policy or custom ... inflects the injury' that the municipality may be held liable." *City of Canton v. Harris,* 489 U.S. 378, 385 (1989). A city does not incur § 1983 liability for injuries caused solely by its employees. *Monell,* 436 U.S. at 694. Nor does the fact that a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation. *Bd. of County Com'rs v. Brown,* 520 U.S. 397, 403 (1997).

Here, Plaintiff's complaint fails to articulate a theory under *Monell* under which the City of Opelika may be held liable. Consequently, there's no legal basis on which Plaintiff's claims against this Defendant may proceed and it is, therefore due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Neitzke v. Williams*, 490 U.S. 319 (1989).

*C. Officer Brian Hunley*,

Plaintiff names Officer Brian Hunley as a defendant. Plaintiff fails, however, to state any claim whatsoever against this individual because he merely lists him as a defendant in his complaint and does not assert that he was personally involved in any alleged constitutional violations. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir.1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

While the court is well aware that *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Plaintiff's complaint is devoid of any comprehensible cause of action against Defendant Hunley. This defendant is, therefore, due to be dismissed as a party to the complaint. . *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against the Opelika Police Department, the City of Opelika, and Officer Brian Hunley be DISMISSED with prejudice prior to service of process in

accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  The Opelika Police Department, the City of Opelika, and Officer Brian Hunley be DISMISSED as parties to this cause of action; and

3.  This case, with respect to the claims against the remaining defendant, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **November 7, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 20th day of October 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE